# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EUGENE GOWDY,<br><br>    Petitioner,<br><br>v.<br><br>C. PHIFER, WARDEN,<br><br>    Respondent. | Case No. 2:21-cv-04125-CJC-PD<br><br>**ORDER DISMISSING SECOND OR SUCCESSIVE HABEAS CORPUS PETITION; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a)** |

Before the Court is Petitioner's sixth attempt to challenge his 2011 conviction for first degree murder and his sentence. The jury found true that Petitioner personally used a handgun with intent to cause great bodily harm and that the murder was committed for the benefit of a criminal street gang. Petitioner was sentenced to state prison for a term of fifty years to life.[1] [Dkt. No. 1 at 1.]

---

[1] Petitioner raises the following four claims: (1) that the prosecutor failed to disclose favorable evidence; (2) that he received ineffective assistance of counsel; (3) violations of California's Penal and Civil Codes; and (4) that the evidence to convict him was insufficient. [Dkt. No. 1 at 4-5.]

The first habeas petition was summarily denied without prejudice on the ground its claims were unexhausted in 2013.[2]

Petitioner's second habeas petition was summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts in January 2014.[3]

Petitioner filed a third habeas petition in October 2014. The 2014 Petition was dismissed with prejudice in May 2015 because it was filed more than one year after Petitioner's 2011 conviction became final and thus was time-barred. This constituted a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (holding dismissal of habeas petition for untimeliness constitutes a decision on the merits and renders subsequent petitions second or successive). This Court also denied his request for a certificate of appealability.[4]

Petitioner's fourth petition, in February 2016, was summarily dismissed for lack of jurisdiction as an unauthorized second or successive petition.[5]

Petitioner filed his fifth petition in October 2020. The Court issued an Order dismissing the petition without prejudice as an unauthorized second or successive petition, and on May 20, 2021, the Court issued an order denying Petitioner's request for a certificate of appealability.[6]

---

[2] *Gowdy v. Biter*, No. 2:13-cv-00569-CJC-FFM [Dkt. No. 4.] The Court takes judicial notice of Petitioner's prior habeas petitions and requests for certificates of appealability and the orders issued thereon. *See Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012); Fed. R. Evid. 201(b).

[3] *Gowdy v. Warden*, No. 2:14-cv-00181-CJC-FFM [Dkt. No. 4.]

[4] *Gowdy v. Holland*, No. 2:14-cv-8481-FFM [Dkt. Nos. 20-22.]

[5] *Gowdy v. Holland*, No. 2:16-cv-1340-CJC-FFM [Dkt. No. 4.]

[6] *Gowdy v. Kibler*, No. 2:20-cv-9944-CJC-PD [Dkt. Nos. 15 - 21.]

The instant, sixth, petition is also second and/or successive and is subject to dismissal. The docket for the Ninth Circuit shows that Petitioner has not sought permission from the Ninth Circuit to file the instant Petition, much less obtained leave to do so. Absent an order from the Ninth Circuit, Petitioner may not bring another habeas corpus petition in this Court challenging his 2011 conviction. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). For that reason, the Petition is dismissed without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

Dated: May 26, 2021

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE